UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YCELA MADARIAGA and EDUARDO MADARIAGA,

                Plaintiffs,

    -v-

MAMA CAT LLC, dba TOMPKINS SQUARE BAGELS, et al.,

                Defendants.

CIVIL ACTION NO. 24 Civ. 7715 (SLC)

**ORDER APPROVING SETTLEMENT**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (Dkt. No. 52), and have now submitted a Letter-Motion in support of settlement (Dkt. No. 63 (the "Motion")), proposed settlement agreement (Dkt. No. 63-1 (the "Agreement")), and supporting exhibits (Dkt. Nos. 63-2; 63-3) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  In addition, the Court conducted the settlement conference during which the parties reached a settlement in principle and held a telephone conference with the parties to discuss the Agreement, following which the parties submitted a supplement that revised the Agreement (Dkt. Nos.  41; Dkt. entry dated June 25, 2025; 64; 66-1; 66-2 (the "First Revised Agreement")).  After further review, the Court held a further telephone conference to discuss concerns about the scope of the release provision, following which the parties submitted a second revision to the Agreement.  (Dkt. Nos. 67; Dkt. Entry dated Nov. 5, 2025; 70; 71; 71-1 (the "Second Revised Agreement")).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015).[1]  Having carefully reviewed the Motion, the Agreement, the First Revised Agreement, the Second Revised Agreement, and accompanying exhibits, the Court finds that, the terms of the Second Revised Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

As noted above, the Court found the scope of the release in the Agreement and First Revised Agreement problematic because it (i) was not limited to the claims asserted in this action, and (ii) was not mutual, i.e., it only included a release by Plaintiffs. (See Dkt. No. 63-1 ¶ 4). See Souza, 2015 WL 7271747, at *5–7 (explaining why non-mutual general releases in FLSA settlement agreements are not permissible).  Because the Second Revised Agreement's release provision is now mutual, binding both Plaintiffs and Defendants, it is permissible.  (See Dkt. No. 71-1 ¶ 4). See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, No. 13 Civ. 5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving mutual general releases).

With respect to the allocation of attorneys' fees, the Court has both (i) reviewed Plaintiffs' Retainer Agreement (Dkt. No. 66-3) and determined that there is no indication of any overreaching or deceptive conduct and that the contingency arrangement with Plaintiffs was

---

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

"fair to [P]laintiffs and reasonable at the time it was made," <u>Puerto v. Happy Life Home Health Agency Inc.</u>, 704 F. Supp. 3d 403, 407 (S.D.N.Y.  2023), and (ii) reviewed Plaintiffs' counsel's billing records (Dkt. No. 63-2), from which the Court has determined that the hourly rate and hours expended were both reasonable.  <u>See</u> <u>Huggins v. Chestnut Holdings Inc.</u>, No. 18 Civ. 1037 (PAC), 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022).   In addition, Plaintiffs have provided receipts corroborating the costs for which they request reimbursement, the nature and amount of which the Court finds reasonable.  (Dkt. Nos. 63-2; 63-3).

Accordingly, the Court approves the Second Revised Agreement.  The Court retains jurisdiction to enforce the Second Revised Agreement.  Any pending motions are moot.  The Clerk of Court is respectfully directed to terminate and mark Dkt. No. 63 as "granted" and close this case.

Dated:         New York, New York
               December 8, 2025

SO ORDERED

_____
SARAH L. CAVE
**United States Magistrate Judge**

3